[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12696
This matter comes before the court on cross motions for contempt filed by both parties, each alleging willful noncompliance by the other with certain provisions of the judgment of dissolution of their marriage rendered by the court (Cohen, S.T.R.) On July 26, 1996 pursuant to a settlement agreement. The defendant's two motions for contempt dated August 3, 1998 allege (a) that the plaintiff is in arrears on payments of periodic support and (b) that he had failed to pay his share of medical and other expenses provided for in the judgment, including 1996 medical expenses incurred for one of the minor children. The plaintiff's motion for contempt alleges that the defendant has failed to pay her share of certain "extraordinary expenses provided by the judgment. The plaintiff also filed a motion for counsel fees and reimbursement, alleging that he had lost income and incurred attorneys fees to defend against the defendant's contempt motions.
The judgment provides for child support for the two minor children as follows:
 Husband shall pay to wife child support of $440 per week for the children [Spencer and Cooper] through Spencer's reaching age 19 or completing high school, whichever first occurs, and, thereafter, $300 per week for Cooper, through his reaching age 19 or completing high school, whichever first occurs.
The judgment also provides for alimony to the defendant of $560 per week through June 1997 and $630 per week from July 1997 through June 2001. The judgment also provides that the plaintiff would pay eighty percent of unreimbursed medical expenses for the minor children.
Spencer graduated from high school on June 15, 1997. The amount of alimony and child support combined was $1000 per week before June 15, 1997 and $930 per week thereafter.
In her first motion for contempt, claiming an arrearage in support payments, the defendant alleged that the plaintiff had violated the court order by paying biweekly instead of weekly, that on a number of occasions after June 1996 he had paid late, and that he had not made all the payments required. Although the plaintiff has been somewhat inconvenienced by the biweekly CT Page 12697 payment schedule, she has acquiesced in it for more than two years and has not suffered financial detriment on account of the payment schedule alone. Similarly, although the court finds that the defendant was inconvenienced by late receipt of support payments on several occasions, the plaintiffs payments were never delayed for more than a short period of time.
The third issue raised by the defendant in this motion is more complex. She alleges that the defendant is in arrears of required payments for alimony because he began making his payments a week late and has never caught up. She is correct. Both during the pendente lite period and since the judgment, the plaintiff has paid in arrears. The plaintiff's first post-judgment biweekly payment of $2000 was made by a check dated August 13, 1996, received by the defendant on August 21, 1996. The check dated July 26, 1996 was a payment in arrears on the pendente lite order, and cannot be counted as a payment under the judgment. The plaintiff was required to pay $48,000 between July 26, 1996 and June 17, 1997, and paid only $46,000, less $78 he deducted to repay himself for an activity fee that had been incurred by one of the boys. The defendant is therefore in arrears in the amount of $2000 with respect to the order to pay alimony and child support.[1]
In her second motion for contempt, the defendant alleges that the plaintiff failed to pay certain unreimbursed medical expenses and failed to reimburse her for his fifty percent share of certain "extraordinary expenses" for the children. The plaintff's motion for contempt similarly alleges that the defendant failed to pay her share of such "extraordinary expenses."
The court finds that the plaintiff failed to pay the eighty percent required by the judgment of $476 in dental bills for the period between July 26, 1996 and December 31, 1996, and is in arrears by the sum of $380.80.
Concerning the requirement of payments for "extraordinary expenses," the judgment provides:
 In addition, the parties shall equally share the cost of extraordinary expenses (over $500) for the minor children, such as camp, school trips,, school periods abroad, and the like.
The defendant testified, and the plaintiff agreed, that the CT Page 12698 parties orally agreed when they entered into the stipulation that they would include in that provision expenses for activities which, while not costing $500 for any instance, would result in a cumulative cost of more than $500 for the duration of the activity. That agreement did not become part of the judgment of the court and cannot be enforced by a contempt motion, but it is enforceable as between the parties.
Neither party presented evidence concerning the pre-dissolution life style enjoyed by the children. However, based on evidence presented by both of them, the court finds that the parties have encouraged an active and relatively expensive lifestyle for the children since the dissolution. Before Spencer graduated from high school, for example, the defendant also supplied him with the generous sum of $160 per month for his allowance. The boys are involved in numerous sporting activities, some of which the plaintiff coaches and all of which involve expenditures for fees and equipment. Both parties want the boys to be in these activities.
The court finds that the "extraordinary expenses" set forth in the judgment are not limited to expenses for camp, school trips, and school periods abroad. Rather, the term "extraordinary expenses" includes all activities which require the expenditure of more than $500 for the completion of the activity, whether that sum is based upon a single payment or as a cumulative total for an activity in which a child is continuously involved for a period of time but for which payment may be made periodically in increments of less than $500. The inclusion of the qualifying phrases "such as" and "and the like" in the stipulated judgment makes clear that extraordinary expenses are not limited to those specifically set forth in the stipulated judgment. Rather, those activities were intended to be illustrations of the kinds of activities intended by the parties to be covered under the term extraordinary expenses. Not every expenditure of more than $500 for one of the boys is an "extraordinary expense" requiring reimbursement by the other party. The plaintiff claims that the defendant should reimburse him for his expenditures for a car for Spencer and for taking Spencer on a tour of prospective colleges. Neither qualifies. The car was purchased by the plaintiff's company, not by the plaintiff, and the company insured the vehicle. Costs associated with the car were carried on the company's books. The plaintiff was not consulted about the purchase. The college trip included not only the plaintiff and Spencer, but also the plaintiff's fiancee. It is not clear from CT Page 12699 the evidence that the $770.86 spent on this trip was attributable solely to an activity for Spencer. or whether the amount spent primarily for his benefit exceeded $500.
The court finds that the plaintiff is in arrears for payments due to the defendant for extraordinary expenses for $331.50 for Spencer's hockey. The defendant has not sustained her burden of proving that the other items of "extraordinary expense" fall within that category.
The total arrearage owed by the plaintiff to the defendant is $2712.30, of which $1220 is for alimony and $1492.30 is for child support. That portion of the arrearage attributable to child support may be ordered to be paid under the Child Support and Arrearage Guidelines either as a lump sum or periodically in accordance with the guidelines concerning arrearage, which sets the amount of arrearage payment at twenty percent of the current order unless the court finds that one of the criteria for departure from the guidelines has been met. See, Section46b-215a-4, Regulations of Connecticut Agencies; Unkelback v.McNary, 244 Conn. 350 (1998). The current child support order is $300 per week. The plaintiff is therefore ordered to pay the defendant $1492.30 for child support arrearage by making payment to her in the amount of $60 per week until the amount is satisfied or until further order of the court. He is further ordered to pay her $1220 as an alimony arrearage.
Although the court finds that the plaintiff is in arrears for these amounts, the court does not find that he is in willful contempt. The omission to pay the $2000 support payment was the result of an accounting discrepancy. The failure to make the payments for extraordinary expenses is attributable to the ambiguity of the language of the judgment concerning that obligation.
The plaintiff's motions for contempt and for reimbursement and counsel fees are denied.
Orders may enter in accordance with these findings and orders.
BY THE COURT
GRUENDEL, J. CT Page 12700